IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE BOARD OF COUNTY COMMISSIONERS OF PAWNEE COUNTY, STATE OF OKLAHOMA, <br><br> Plaintiff, <br><br> vs. <br><br> PURDUE PHARMA L.P., et al., <br><br> Defendants. | Case No. 4:18-CV-00459-GKF-FHM |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOVING DEFENDANTS' JOINT MOTION TO STAY PROCEEDINGS PENDING LIKELY TRANSFER TO MULTIDISTRICT LITIGATION**

**COMES NOW** Plaintiff, The Board of County Commissioners of Pawnee County, State of Oklahoma, by and through its attorneys of record, and for its Opposition to Moving Defendants'[1] Joint Motion to Stay Proceedings Pending Likely Transfer to Multidistrict Litigation [Dkt. 66] and states as follows:

The Court should reject Moving Defendants' request to stay these proceedings. In the interest of judicial economy and fairness to the parties, Plaintiff's pending remand motion must be heard by this Court. Defendants' removal basis is without merit. A stay would result in substantial and needless delay to the ultimate resolution of this case. It would conserve judicial resources and foster expeditious administration of justice to allow the remand motion process to fully run its course in the local District Court before burdening the MDL with yet another opioid case.

---

[1] The Moving Defendants are McKesson Corporation, Cardinal Health, Inc., AmerisourceBergen Drug Corporation.

1

Moving Defendants' arguments that a delay resulting from a stay would be minimal turn a blind eye to the irreparable harm to Plaintiff in the potential transfer to the MDL in the Northern District of Ohio. Delays in the hearing of motions to remand have resulted in the ultimate transfer to the MDL of similarly situated cases, where Judge Polster has placed a moratorium on the filing of motions. *County of Greenville v. Rite Aid of South Carolina, Inc.,* Case No. 6:18-cv1085-TMC, at 4. (D.S.C. May 21, 2018) ("The court notes that the MDL judge has stated that he is not going to act on any motions to remand, and has, in fact, placed a moratorium on filing motions to remand.")

Multiple federal courts have ruled in favor of remand in similar opioid cases in this exact situation — a meritless removal based on federal question. Plaintiff's *Brief in Support of its Motion to Remand* [Dkt.44] raises significant jurisdictional issues that, in the interest of efficiency and judicial economy, should be decided by the District Court in which it was brought. A decision on the pending *Motion to Remand* is aligned with the efficient administration of justice since a ruling on this issue will allow the case to proceed in the appropriate forum.

## **BACKGROUND**

This action was wrongfully removed and then included in a *Conditional Transfer Order* (CTO) to send the matter to the MDL in the Northern District of Ohio. Not only would Plaintiff's claims be wrongfully heard in federal court if remand is not granted, they would be heard before an Ohio judge and jury. Accordingly, Plaintiff opposed the CTO and on October 13, 2018 moved to vacate same. [*See* Motion to Vacate Conditional Transfer Order with Brief in Support (CTO-56) JPML Dkt. No. 2817]

**A Stay is Improper When Jurisdictional Issues Need to be Addressed**

A stay of these proceedings is improper as jurisdictional issues must be addressed first. Federal courts are courts of limited jurisdiction. Because federal courts presumptively have no jurisdiction over civil actions, the burden of establishing to the contrary appropriately rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The failure by a Court to determine at the outset of an action whether jurisdiction exists "carries [it] beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

There are no exceptions to this rule: "The requirement that jurisdiction be established as threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception." *Steel Co., supra,* 523 U.S. at 94-95 (citing *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510 (1884))

If the stay of this case is granted while a remand motion is pending it would inconvenience the parties and impede the just and efficient administration of this action. If no valid basis for federal jurisdiction exists, or if the removal notice is procedurally defective and remand is therefore mandatory, this case does not belong in MDL-2804. In addition, with the current MDL discovery schedule, it will take much longer for the MDL court to make a determination on jurisdiction than it would this Court.

Transfer at this time would force aside the question of federal jurisdiction while it is still unresolved, forcing Plaintiff to litigate its case in a court with no jurisdiction or have to wait in legal limbo for an unknown length of time as the MDL progresses.

**<u>ARGUMENT</u>**

3

### A. Plaintiff's Remand Action Must be Heard by this District Court

The removal in this action is meritless and any stay of these proceedings would prejudice Plaintiff. Defendant McKesson improperly removed this action to the Northern District of Oklahoma based on an alleged federal question. Courts throughout the country have repeatedly refuted the proposition that a federal question exists in the scenarios presented in this exact case.

Courts in the opioid litigation that granted Plaintiff's emergency motions to hear a motion to remand and for an expedited ruling have overwhelmingly ruled in Plaintiffs' favor. Recent decisions in *City of Spartanburg v. Rite Aid of South Carolina, Inc.*, Case No. 7:18-cv-1799-BHH (D.S.C. July 25, 2018), *County of Greenville v. Rite Aid of South Carolina, Inc.,* Case No. 6:18-cv1085-TMC (D.S.C. May 21, 2018), W*eber County, Utah v Purdue Pharma L.P., et al.* No. 1:18-cv-00089-RJS Dkt. No. 19, *Uintah County et al. v. Purdue Pharma L.P., et al*. No. 2:18-cv-00585-RJS Dkt No. 22, *see also State of New Mexico ex rel. Balderas v. Purdue Pharma L.*P., No. 1:18-cv00386-JCH-KBM, 2018 WL 2943246, all speak to this exact issue.

It is imperative that the Northern District of Oklahoma not stay the proceedings and hear the motion to remand because remand will not be considered if the matter is transferred to Ohio. Judge Polster of the MDL has held that he will not act on any motions to remand and placed a moratorium on filing such motions. (See *City of Spartanburg*, Case No. 7:18-cv-1799-BHH, at 5 ("The Court notes, as did Judge Cain, that the MDL judge has stated that he is not going to act on any motions to remand, and has placed a moratorium on filing such motions."); *County of Greenville*, Case No. 6:18-cv-1085-TMC, at 4.) ("The court notes that the MDL judge has stated that he is not going to act on any motions to remand, and has, in fact, placed a moratorium on filing motions to remand.") Therefore, Plaintiff will be irreparably harmed by a transfer to the MDL,

contrary to Defendants' assertion. In each of these cases, once the District Court reviewed Plaintiff's motions for remand, it was clear that a federal question did not exist.

### B. A Stay Will Not Promote Judicial Economy and Will Irreparably Harm Plaintiff

Upon transfer to MDL-2804, Pawnee County would be sure to encounter delays and prejudice. Plaintiff filed suit in Oklahoma state court, based on state claims, and seeks to have their claims resolved in an expeditious manner. A transfer of the case to the federal court, especially into an MDL, will serve only to further delay resolution of its proceedings, simply because MDLs are larger, slower-moving litigations. Indeed, there is no question that if transferred to the MDL, Plaintiff will be added to the long list of cases already before the MDL and, as previously noted, the transferee Judge has placed a moratorium on hearing any motions to remand. Thus, in addition to severely prejudicing Plaintiff, transfer to MDL 2804 would promote the inefficient, rather than the efficient, determination of this action.

### C. The Cases Defendants Cite to Sustain Their Position are Distinguishable

Defendants' pattern of removing actions, tagging to the MDL and requesting a stay of the proceedings, improperly shifts the burden of hardship solely to Plaintiff as opposed to the balanced approach they advocate for. In support of their argument promoting judicial economy and consistency, Defendants seek support in the *Rivers v. Walt Disney Co.* decision. However, the *Rivers* court was unconcerned with a jurisdictional issue that could irreparably harm one of the parties at the outset so is distinguishable. ("*In the instant case, this Court does not need to resolve fundamental jurisdictional issues such as proper venue.*" Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1361, 1997 U.S. Dist. LEXIS 16392). The issues of jurisdiction, a threshold issue, was not a concern of the *Rivers* court as it is here

Defendants also rely on *New Mexico v. Volkswagen Grp. of Am. Inc.*, however the Court recognized there that the Plaintiff's potential prejudice if a stay was issued would be minimal, because Plaintiff would have an opportunity to present its motion to remand before the transferee judge. ("*Potential prejudice to the State is minimal. The State asserts that because removal was improper, the Court should adjudicate the motion to remand before considering the motion to stay. [...] [T]he State will have the opportunity to present its motion to remand to the transferee judge.*") (See *New Mexico ex rel. Balderas v. Volkswagen Grp. of Am., Inc.*, 2016 U.S. Dist. LEXIS 103221, *4-5.) In the instant case, as previously stated, the transferee judge has issued a moratorium on all motions. If a stay is granted and the case is transferred, Plaintiffs will shoulder the undue burden of the improper removal for an indeterminate amount of time.

Additionally, Defendants rely on *Oklahoma ex rel. Pruitt v. EPA*. This case is easily distinguished from the matter before this Court. The Court there recognized that any harm Plaintiffs would suffer due to a stay was not imminent, imposed no duty, could be mitigated or was merely speculative. (*"The Federal Defendants have responded to these arguments by pointing out the Clean Water Rule imposes no duties on the states. ... [N]one of those programs would require immediate action by the State and the State could either elect to allow the federal government to perform certain administrative tasks or it could charge a permit fee to recover its costs. ... [T]he Federal Defendants respond that it would be speculative at this point for landowners to believe that the definition of "waters of the United States" will even apply to bodies of water on their property, ... [I]t also appears that the proposed uses of property by members of plaintiffs' organizations are simply planned activities for which no substantial steps have been taken, and a limited stay will not cause immediate harm to the planned used of any person's property.*") *Okla. ex rel. Pruitt v. United States EPA*, 2015 U.S. Dist. LEXIS 100225, *12-13, 2015 WL 4607903

(Internal citations and references omitted). If a stay is granted in the instant case, the prejudice to Plaintiff will be real and immediate, as the proper adjudication of the jurisdictional matter will be postponed indefinitely.

### E. The Balance of Interests Favor Denying the Issuance of a Stay

Defendants' arguments promoting the balance of interests seem even-handed, but upon closer inspection the undue hardship that will be borne by the Plaintiff —if a court without jurisdiction renders judgment over the parties— should tip the scale in the direction of denying the stay to decide the issue of remand upon the merits. Defendants clearly seek to delay the proper adjudication of these matters and hearing on basic jurisdictional issues on the meritless basis of their removal.

**WHEREFORE**, Plaintiff respectfully requests that this Court deny Moving Defendants' Joint Motion to Stay Proceedings Pending Likely Transfer to Multidistrict Litigation and continue the pretrial proceedings in the matter before it.

Dated: October 23, 2018                           Respectfully submitted,

*/George Gibbs*
George Gibbs, OBA #11843
GIBBS ARMSTRONG BOROCHOFF, P.C.
601 South Boulder Avenue, Suite 500
Tulsa, Oklahoma 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

   I hereby certify that on this 23nd day of October, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will also transmit a Notice of Electronic Filing to all counsel of records

                */s/George Gibbs*
                George Gibbs